**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TERRELL MYRON FOY,

    Defendant.

Case No. 6:24-cr-156-PGB-LHP

**SENTENCING MEMORANDUM**
**AND FOR A DOWNWARD VARIANCE**

Defendant, Terrell Myron Foy, by and through his undersigned counsel files this sentencing memorandum in support of his request for a downward variance and a sentence of not more than 120 months in the Bureau of Prisons (BOP). In addition to his request for a downward variance, Mr. Foy also requests this Court recommend his placement at Coleman Correctional Institute and his participation in Residential Drug and Alcohol Abuse program. Mr. Foy is remorseful for his conduct in this case. He has fully accepted responsibility and understands his actions must have consequences. His guilty plea subjects him to a minimum mandatory sentence of 10 years, a significant guideline range and a lifetime of supervised release. The advisory guidelines in this matter identify a sentencing range of 135 to 168 months incarceration.

1

Given all the relevant information, policies and circumstances, including but not limited to the advisory guidelines and the factors set forth in Section 3553(a) undersigned counsel submits to this Court that a sentence of ten (10) years followed by a term of supervised release is a reasonable sentence and is sufficient but not greater than necessary to achieve the goals of sentencing. In support of this request, Mr. Foy states the following:

### TERRELL MYRON FOY'S HISTORY AND CHARACTERISTICS

Adverse Childhood Experiences (ACEs) can affect children well into adulthood. There has been a great deal of research into the individual effects of adversity. The Centers for Disease Control (CDC), has reached a consensus that repeated exposure to childhood adversity increases a toxic stress reaction in the brain which can permanently alter development. Some examples of these adverse experiences are abuse, neglect, exposure to substance misuse, parental incarceration, and divorce or separation. The effects of childhood adversity are often pervasive and can deeply influence a child's emotional, cognitive, and physical development. Children, such as Mr. Foy, frequently find themselves living with permanent effects exposed to these adversities by their parents.

**ACEs Can Accumulate and Their Effects Last Beyond Childhood**

The effects of ACEs can add up over time and affect a person throughout their life.

- Children who repeatedly and chronically experience adversity can suffer from **toxic stress.**
- Toxic stress happens when the brain endures **repeated stress or danger,** then releases fight or flight hormones like cortisol.
- This internal alarm system **increases heart rate** and **blood pressure** and **damages the digestive and immune systems**.
- Toxic stress can disrupt organ, tissue, and brain development. Over time, this can limit a person's ability to process information, make decisions, interact with others, and regulate emotions. **These consequences may follow a person into adulthood.**

[1]

Terrell Foy was born to teenage parents who lacked the maturity, resources, and understanding necessary to provide consistent care. Mr. Foy's maternal grandmother saw a void in structure, discipline, and authority. Without hesitation she jumped in to help when and where she could. Although life presented many challenges, it was not without hope. The CDC has identified several ACEs that can significantly impact a child's development and increase the risk of issues such as substance abuse, depression, and other long-term health and behavioral problems.

---

[1] Centers for Disease Control, *Communication Resources*, Available at https://www.cdc.gov/aces/communication-resources/index.html



[2]

Due in large part to parental inconsistencies and environmental difficulties, Mr. Foy was often left to figure life out on his own. At the age of seven, Mr. Foy was exposed to pornographic material by his father.[3] This early exposure constitutes a form of emotional and psychological abuse. Introducing sexually explicit content to a child—especially in a coercive or shaming context—can have harmful and lasting developmental consequences. Early sexual exposure can disrupt a child's understanding of boundaries, intimacy, and self-worth. Rather than fostering healthy emotional development, this incident subjected Mr. Foy to confusion, internalized shame, and a premature confrontation with adult material he was too young to process. Such

---

[2] *Id.*
[3] PSR ¶43

experiences can significantly contribute to long-term challenges in identity formation, mental health, and relationship dynamics.

## MR. FOY'S PURSUIT OF A BETTER LIFE

Mr. Foy found a way to intomb the difficulties of his upbringing—or so he thought. He graduated high school and college, culminating his educational career with the receipt of a master's degree. He is the first in his immediate family to have attained such pursuits. Mr. Foy desperately sought out and secured the type of stability he lacked as a child. Mr. Foy's mother writes:

> "Terrell's journey in higher education was not a straight line, but it was filled with persistence. He started in California playing football, but when that didn't work out, he came home and worked his way through community college, then transferred to UCF and earned his bachelor's degree. Eventually, he earned a master's from Full Sail University—all while coaching his little brother and mentoring other young athletes at Winter Park High School. My son worked hard for everything he had."[4]

His younger brother Malik Foy describes Mr. Foy's pursuits and perseverance as follows:

> "What I've always admired most about Terrell is his drive. He went on to earn multiple degrees, coached football, basketball, and even flag football, and dedicated himself to being a positive role model in the lives of young people… I've never seen Terrell let life break him, even during struggles, because he's always been grounded in hope, in strength, and in love."[5]

---

[4] App. A-1
[5] App. A-2

5

This theme of the pursuit of something better is a common thread in the letters provided to this Court.  Here, Mr. Foy's Aunt writes:

> "Throughout his academic career, Terrell demonstrated commendable dedication by balancing his studies with part-time employment, ultimately graduating on time. Beyond his personal achievements, he has consistently been a pillar of support for his mother and younger brother, showcasing his sense of responsibility and family commitment."[6]

Despite his childhood adversity, Mr. Foy was determined to make a different and more stable life for himself.  Through his commitment of this offense he fell short of that goal.  However, Mr. Foy remains hopeful that after the sentence in this matter is served, he will be able to try again.  This time, he looks forward to being better equipped to handle his internal stressors.

## A DOWNWARD VARIANCE AND SENTENCE OF 120 MONTHS COMPLIES WITH THE STATUTORY PURPOSES OF SENTENCING

Mr. Foy recognizes the seriousness of his offense and the harm he has caused as a former educator and youth athletic mentor.  His actions in this case will have a lasting effect on the victim, his family, and his community.  With a series of decisions Mr. Foy has permanently altered his life.  Having never been previously arrested Mr. Foy will spend the next decade, at a minimum, incarcerated with dangerous and violent offenders.

---

[6] App. A5

Criminal convictions carry with them more than just the punitive sentence. Convicted individuals are stripped of their civil rights, such as the right to vote, permanently. Further, individuals convicted of sex offenses have additional stigma and consequences. In this case, Mr. Foy at the age of 33 years old will permanently be classified as a sex offender. For the remainder of his life, he will not be able to participate in the democratic process, he will be on both state and federal sex offender registries. He may also be barred from future employment opportunities. While these requirements often reflect the severity of the crime, they are in fact life altering changes.

In June of 2019 the United States Commission on Civil Rights issued a briefing discussing the collateral consequences of convictions. The report, issued to the President, concluded that: "Collateral consequences are pervasive, broad ranging restrictions on the rights and privileges of people with criminal convictions to participate in society and access certain benefits. These consequences exacerbate punishment beyond the criminal conviction after an individual completes the court-imposed sentence."[7] Further, there is "scant" evidence that these collateral consequences do anything to deter future criminal activity. [8]This Briefing further details the pervasive effects in areas

---

[7] *US. Commission on Civil Rights, Collateral Consequences: The Crossroads of Punishment, Redemption, and the Effects on Communities,* June 2019. Available at https://www.usccr.gov/reports/2019/collateral-consequences-crossroads-punishment-redemption-and-effects-communities. pages 133-134.
[8] *Id.*

7

like education, employment, jury service, and restrictions on professional licenses.

The factors prevalent in Mr. Foy's background, make a sentence of 120 months reasonable. A sentence of not more than 120 months is one that complies with the statutory purposes of sentencing. Mr. Foy has no prior criminal history, and has had no prior contact with law enforcement. A downward variance most certainly serves as an adequate deterrence and just punishment for someone who has never seen the inside of a jail cell.

## CONCLUSION

Mr. Foy will be and should be punished for his crime. The punishment should reflect both the severity of the offense as well as Mr. Foy's history and characteristics. He has accepted responsibility for his actions and the punishment that comes with that. Given his background the undersigned submits that a sentence of no more than 120 months, would be a reasonable sentence in this case and one that is sufficient but not greater than necessary to accomplish the purposes of 18 U.S.C. §3553.

Respectfully submitted,

A. Fitzgerald Hall, Esq.
Federal Defender, MDFL

*/s/ Jenna N. Kelly*
Jenna N. Kelly, Esq.
Assistant Federal Defender
Florida Bar No. 0106365
201 South Orange Avenue, Suite 300

Orlando, FL 32801
Telephone: 407-648-6338
Fax: 407-648-6095
E-Mail: jenna_kelly@fd.org

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that undersigned electronically filed the foregoing with the Clerk of Court (CM/ECF) by using the CM/ECF system which will send a notice of electronic filing to counsel for the United States Attorney's Office, this 20th day of August 2025.

*/s/ Jenna N. Kelly*
Attorney for Defendant